RHEA *v.* STATE.

4827                                    288 S. W. 2d 34

Opinion delivered March 19, 1956.

*Kenneth C. Coffelt,* for appellant.

*Tom Gentry,* Attorney General and *Thorp Thomas,* Asst. Atty. General, for appellee.

LEE SEAMSTER, Chief Justice. The appellant, Keith Dale Rhea, was charged by information July 2, 1955, with the crime of grand larceny. He was tried in the Saline Circuit Court, convicted and his punishment was assessed at one year in the State Penitentiary.

For reversal, the appellant contends that ''The Court erred in refusing to instruct the jury as a matter of law, that State's witness, Johnnie Smith, was an accomplice to the alleged crime, and in permitting the jury under instructions to make a finding of fact on this question.'' The appellant, Keith Dale Rhea, is 19 years of age and did not testify in the trial of this case.

The witness, Johnnie Smith, testified to the following effect, that he was 16 years of age, a resident of Benton, Arkansas, and knew appellant; that at approximately 5 p. m., on June 18, 1955, he left his place of work and accidentally met the appellant at the Country Club Drive-In at Benton, Arkansas; that appellant was driving a green 1955 Ford car at this time.

He further testified that about 8 p. m. that night they stopped on River Street and got some gas from a tractor and traveled through Hot Springs to Mt. Ida, whereby, they sold the spare tire for $6.40; that the appellant told him that he (appellant) took the automobile off of Edmondson's car lot in Benton, Arkansas and he knew that appellant did not own a car; that they traveled to Walla Walla, Washington, where they removed the radio from the car and he sold it; that they returned to Arkansas whereby, the left front tire on the car blew out near Lonsdale, Arkansas, and they drove on the rim for about 8 miles and abandoned the car on a side road, arriving home about 12 o'clock on Wednesday night.

The evidence reveals that Johnnie Smith informed the Sheriff of Saline County about the car and took him to the place where the car had been abandoned. He also showed the Sheriff where he and appellant had stowed the items that they had removed from the car, including a siphon hose, a gas can and some clothing.

The Sheriff of Saline County, James Steed, testified that the witness, Johnnie Smith, and his mother came to his office on Monday between 12 and 1 p. m. The evidence is not clear on this point, but we presume this was the Monday after the witness returned home on Wednesday night. The Sheriff testified that Rufus Edmondson identified the abandoned car as the one that was stolen from his lot.

The evidence in this case is undisputed and we think that it is sufficient to make the witness, Johnnie Smith, an accomplice as a matter of law to the crime with which appellant was charged. *Mankey* v. *State,* 192 Ark. 901, 96 S. W. 2d 463.

Over the objection of the appellant, the court submitted the question to the jury as to whether the witness, Johnnie Smith, was an accomplice in the case. This court has held that an accomplice is one who in any manner participates in the criminality of an act, whether he is considered, in strict legal propriety, as a principal or merely as an accessory before or after the fact.

This court has also held that where there is a question of fact as to whether the witness is an accomplice, the fact should be submitted to the jury unless it is shown, as a matter of law, that he is an accomplice. *Jackson* v. *State,* 193 Ark. 776, 102 S. W. 2d 546; *Redd* v. *State,* 63 Ark. 457, 40 S. W. 374.

The appellant objected to the instruction as given by the court and saved his exceptions thereto. The appellant also offered the following instruction: "You are instructed that the witness, Smith, under the law and facts as developed in this case is an accomplice." In a case almost identical to the one at bar, *Smith* v. *State,* 144 S. W. 2d 896, the Court of Criminal Appeals of Texas held that it was reversible error to refuse to instruct a jury that a witness was an accomplice as a matter of law, where the evidence shows that such witness was, in fact, an accomplice to the crime charged.

There are other errors complained of by the appellant, but we think that they would be avoided by the court on a retrial of this case. We hold that it was reversible error for the court to refuse to instruct the jury, as requested by the appellant, that witness Smith was an accomplice to the crime charged against appellant, as a matter of law, and in submitting an instruction to the jury, leaving this question for the jury to determine.

The case is reversed and remanded.