William J. PALADINO *v.* STATE of Arkansas

CA CR 80-91                                   619 S.W. 2d 693

Court of Appeals of Arkansas
Opinion delivered August 26, 1981

E. *Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *C. R. McNair, III*, Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, William J. Paladino, brings this appeal from a jury verdict finding him guilty of the crimes of burglary and theft of property. He maintains that the trial court erred in submitting the case to the jury on insufficiently corroborated testimony of an accomplice. We do not agree.

At the trial the witness, Larry Mason, testified that he and the appellant went to the house of one Urban Graves on the night of October 9, 1979. Mason entered the dwelling by prying open a window and unlocked a door through which the appellant entered. While in the house they appropriated

three guns, a chain saw, other tools and some "change" in a jar. After leaving the burglarized dwelling they went to a Dairy Queen near Deerwood. The witness remained in the Dairy Queen while the appellant took the guns and the chain saw across the street where he sold them to one Tiny Holloway. The witness then returned to the Dairy Queen and gave the appellant "$50 to $75" of the proceeds of the sale. The change was divided between them and spent. The witness kept those tools which had not been sold.

Unquestionably Mason was an accomplice. *Rhea* v. *State*, 226 Ark. 68, 288 S.W. 2d 34. As such, his testimony was subject to the provisions of Ark. Stat. Ann. § 43-2116 (Repl. 1977) which is as follows:

> *Testimony of accomplice* — A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. . . .

When construing that statute in both *King* v. *State*, 254 Ark. 509, 494 S.W. 2d 476 (1973), and *Dunn & Whisenhunt* v. *State*, 256 Ark. 508, 508 S.W. 2d 555 (1974), the court declared:

> By its own language, the statute only requires that there be corroboration by evidence *tending* to connect the defendant with the commission of the offense and that this evidence go *beyond* a showing that the crime was committed and the circumstances thereof. We have, therefore, consistently held that the corroborating evidence need not be sufficient in and of itself to sustain a conviction, but it need only, independently of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the crime.

We find from the record that there was ample other testimony which independently tended to link the appellant

with the theft and burglary for which he was charged.

Urban Graves, the victim, testified that when he returned to his home he found evidence of entry through a window; that one of the back doors was standing open, and his guns, tools and change were missing. The sheriff officer who went to the scene of the crime testified that there was evidence that a window screen had been pried open and the window raised. He saw tracks outside the dwelling which indicated entry through the window. Tiny Holloway testified that he knew the appellant and had purchased three guns and a chain saw from him. While Holloway could not testify as to the exact date of the purchase, the jury could properly infer from his testimony that it took place near the date on which the burglary occurred. These items were subsequently sold by Holloway to others from whom they were recovered. The victim identified the recovered property as those stolen from his home, and Holloway positively identified the articles as the ones purchased by him from the appellant and sold by him to those from whom they were ultimately recovered.

While there was no direct evidence which placed the appellant inside the burglarized building, the evidence is clear that the dwelling was unlawfully entered and the articles unlawfully taken from it. This, coupled with the evidence that the appellant had the stolen articles in his possession, was sufficient to make a jury question independent of his accomplice's testimony. Possession of recently stolen property is sufficient to support a jury verdict of burglary and theft, even though there is no other evidence to show the unlawful entry with felonious intent. *Williams* v. *State*, 258 Ark. 207, 523 S.W. 2d 377 ( 1975 );*Taylor* v. *State*, 254 Ark. 620, 495 S.W. 2d 532 ( 1973 ).

We find no error in the action of the trial court, and therefore, affirm its judgment.

Affirmed.