## David Honor JOHNSON, Jr. *v.* STATE of Arkansas

CA CR 82-64                                   638 S.W.2d 686

### Court of Appeals of Arkansas
### Opinion delivered September 8, 1982
[Substituted Opinion on Denial of Rehearing September 29, 1982.]

*William R. Simpson, Jr.,* Public Defender, and *Steven R. Davis,* Deputy Public Defender, by: *Arthur L. Allen,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. David Honor Johnson, Jr. appeals his conviction of possession of a controlled substance with intent to deliver and theft of property having

a value of less than $100, contending that the evidence was not sufficient to sustain the convictions. We do not agree.

He first contends that the State failed to prove that Meperidine, which he was charged with possessing, was a controlled substance. As originally enacted the Controlled Substances Act listed and scheduled the specific drugs which were prohibited and delegated authority to the "Coordinator" to add, delete or reschedule any drugs listed in the original enactment if he found them to meet the statutory criteria. Ark. Stat. Ann. § 82-2602 (Repl. 1976). By 1979 amendments, codified as Ark. Stat. Ann. §§ 82-2601 (x) and 82-2602 (a) the responsibility originally vested in the Coordinator became vested in the "Commissioner," i.e. the Director of the Arkansas Department of Health. Revisions of the schedules are required to be made in accordance with the Administrative Procedures Act. Appellant argues that since Meperidine is not listed in the original act and the State did not introduce a revised schedule prepared by the Department of Health at the trial, he could not be convicted of possession. At the trial of the case the question of whether Meperidine was a controlled substance was never raised. Both parties tried the case on the theory that it was a controlled substance and the jury was so instructed. The question has been raised here for the first time on appeal.

Appellant contends, however, that failure of the State to show at trial that Meperidine was listed in the Controlled Substances Act is a jurisdictional matter that can be raised at any time. *White* v. *State*, 260 Ark. 361, 538 S.W.2d 550 (1976). *White* does so hold. However, *White* was decided when the statute itself scheduled prohibited substances. In *White* the Supreme Court found *from the statute itself* that the substance for which the defendant had been convicted of possessing was not listed as a prohibited substance and reversed his conviction. In the case at bar, although the State did not furnish the trial court copies of the Board of Health schedule, it has attached to its brief a copy of a "Revised Schedule of Controlled Substances" promulgated by the Department of Health pursuant to Ark. Stat. Ann. § 82-2614.3 (Supp. 1981) and effective March 1, 1980. That

schedule is on file in the office of the Secretary of State and bears the certification of the Director of the Arkansas Department of Health attesting that it was promulgated pursuant to the Arkansas Administrative Procedures Act. It specifically lists Meperidine as a controlled substance under Schedule II, as alleged in the information on which appellant was tried, convicted and sentenced.

Appellant contends that as this regulation was not tendered for judicial notice or otherwise proved in the trial court we are required to reverse his conviction on jurisdictional grounds. It is not necessary to introduce evidence of statutes in this state. The court judicially knows them. *Blythe* v. *Byrd*, 251 Ark. 363, 472 S.W.2d 717 (1971). Nor is it necessary to introduce evidence of regulations of the State Health Department promulgated pursuant to statutory authorization. Courts take judicial notice of such rules and regulations of boards and agencies which are adopted pursuant to law. *State* v. *Martin and Lipe*, 134 Ark. 420, 204 S.W. 622 (1918). *Seubold* v. *Ft. Smith Special School District*, 218 Ark. 560, 237 S.W.2d 884 (1951). As the regulation listing Meperidine as a Schedule II controlled substance was a matter within the judicial knowledge of the trial court it was not error for him to exercise the jurisdiction conferred by the regulation. On appellate review this court takes similar note of such regulations. *Seubold, supra.* We find no merit in this contention.

The appellant next contends that the evidence was insufficient to support the findings that he possessed the controlled substance or that he intended to deliver it in exchange for value. We do not agree. On appellate review of a criminal conviction this court must view the evidence presented in the light most favorable to the State and will affirm a jury verdict if there is any substantial evidence to support it. A recital of those facts most favorable to the State leads us to the conclusion that there was more than substantial evidence to support the verdict of the jury.

On February 16, 1981 Mary Ellen Lamb, Assistant Director of Pharmacy Service at St. Vincent Infirmary, discovered that there were 100 units of Meperidine missing

from a shipment received from Wyeth Laboratories. She stated that Meperidine is a Schedule II controlled substance and the the missing drugs had a value of $450. No objection was made to either statement. Officer James Step of the State Drug Enforcement Unit testified that as a result of Ms. Lamb's call he maintained a surveillance and first saw appellant when he came out of St. Vincent Infirmary during the noon hour. Appellant got in his automobile, drove to the back door of St. Vincent Infirmary and re-entered the building. He then returned to his car. The officers followed him to the McDermott Elementary School parking lot where Carolyn Brown got into appellant's car with him. A short time later she left it carrying a brown garbage sack which she put into her car which was parked nearby. She had not carried the sack when she entered appellant's car but had it when she exited.

The officers followed Ms. Brown to a parking lot at the Doctors Building, confronted her and seized the bag, which contained ten boxes of Meperidine from Wyeth Laboratories in a plastic outer wrapper. The State laboratory technician confirmed that the contents of the garbage bag was Meperidine. An expert testified that he found appellant's fingerprints on one of the plastic wrappers. Ms. Brown testified that when she met appellant at the school he asked her to keep the package for him. He had the bag in his car when he arrived at the school and did not tell her what the contents were but asked her to bring it to him later at the home of a mutual friend. After they picked up Ms. Brown and the bag the police directed her to call the appellant at the friend's home and tell him that she would deliver the package to him at a specified street corner. When appellant arrived at the designated corner he was taken into custody.

Appellant testified that he was a shipping clerk at St. Vincent Infirmary and received merchandise as it arrived on trucks and routed it to the proper departments in the hospital. He was not permitted to handle narcotics unless their cartons were damaged. He admitted that he gave the garbage bag to Ms. Brown but said that it contained two dozen lemons which he had placed in his car when he left the hospital. He said he was not a Meperidine user and never

had been. The officers testified that the bag contained 100 doses of Meperidine, the same amount found missing at the hospital. There was nothing to suggest that the bag that the appellant carried to his car and gave to Ms. Brown was not the same bag seized by the officers later that afternoon.

The appellant argues that Ms. Brown must be considered an accomplice and that her testimony was not sufficiently corroborated. When the State relies on testimony of an accomplice to support a conviction that testimony must be corroborated by other evidence which tends to connect the accused with the commission of the offense. It is not necessary that the evidence be sufficient to sustain the conviction but the evidence must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes* v. *State,* 276 Ark. 203, 634 S.W.2d 107 (1982); *King* v. *State,* 254 Ark. 509, 494 S.W.2d 476 (1973); *Brewer* v. *State,* 271 Ark. 810, 611 S.W.2d 179 (1981). Appellant himself admitted giving her the bag he removed from St. Vincent Infirmary. His fingerprint was found on one of the bags of the controlled substance. The police officers testified that they saw the defendant with Ms. Brown at the times and places she claimed to have been with him and saw her enter his car without the bag and leave with it in her hands. The testimony that she was to deliver it later at a friend's house was corroborated by her telephone call to him at that friend's house and his agreeing to meet her at a specified corner to redeliver the package. Defendant's own testimony corroborated that of Ms. Brown. While it appears that a large part of the evidence was circumstantial, this does not mean that the evidence was not substantial. *Rhodes* v. *State, supra.* Whether one is an accomplice is usually a mixed question of law and fact, and the finding of a jury as to whether the witness is an accomplice is binding unless the evidence shows conclusively that the witness was an accomplice. *Cate* v. *State,* 270 Ark. 972, 606 S.W.2d 764 (1980). The jury was properly instructed that if they found that Ms. Brown was an accomplice the appellant could not be convicted on her testimony alone unless they found that it was corroborated by other evidence tending to connect David Honor Johnson with the commission of the offense and that the sufficiency

of the corroborative evidence was for the jury to determine. We cannot find that the verdict is not supported by substantial evidence.

Appellant next contends that the State failed to prove the requisite intent to deliver the drugs in exchange for value. He testified that he had not used and would not use Meperidine. It would therefore be obvious to the jury that he was not in possession of it for personal use. The court gave to the jury AMCI approved Instruction No. 3307, which states that the quantity of the substance, which they found beyond a reasonable doubt to have been possessed by the defendant, is evidence which they may consider along with all other facts and circumstances in determining the purpose or intent for which the substance was possessed. Intent can seldom be proved by direct evidence and must be inferred from facts and circumstances. It is a matter for the jury to determine and an inference to be drawn by the jury from other facts and circumstances shown by the evidence. *Wrather* v. *State,* 1 Ark. App. 55, 613 S.W.2d 601 (1981); *Smith* v. *State,* 264 Ark. 874, 575 S.W.2d 677 (1979). This was a permissible instruction as Ark. Stat. Ann. § 82-2617 (4) (d) provides for a rebuttable presumption which arises from proof of possession of more than 2 grams of Pethidine. According to the Board of Health schedule Meperidine is a form of Pethidine.

The appellant also questions the sufficiency of the evidence with regard to his conviction of theft of property valued at less than $100. We likewise find no merit in this contention. The testimony of Ms. Lamb clearly establishes that 100 units of the substance were taken from a shipment at St. Vincent Infirmary. The testimony of Ms. Brown, corroborated by another witness, establishes that the appellant was in possession of the recently stolen goods when he delivered them to her for safekeeping. Proof of possession of recently stolen goods is sufficient evidence to sustain a conviction for theft. *Paladino* v. *State,* 2 Ark. App. 234, 619 S.W.2d 693 (1981).

We find no error and affirm.