Mark STONE *v.* STATE of Arkansas

CR 84-175                                          718 S.W.2d 108

Supreme Court of Arkansas
Opinion delivered October 27, 1986

*William A. Lafferty*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. After the appeal of Mark Stone's conviction was submitted to us for resolution, he filed a petition for a writ of error *coram nobis*, requesting we stay the appeal. We are contemporaneously affirming his conviction on appeal and denying this petition. See *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986).

The basis of the petition is that the state withheld from the defense a memorandum of an interview with James Edward Collum which took place on October 22, 1984. This was approximately two weeks before Stone's trial. The memorandum stated that Collum was interviewed by the Arkansas State Police and stated that on Tuesday night (presumably the night the victim, Lisa Young, disappeared), Collum saw her at Lake Liquor Store in Morgan, Arkansas, getting into a black Chevrolet pickup, a 1979 or 1980 model. The time was 7:30 or 8 p.m.

Attached to the memorandum is what is asserted to be a transcript of an interview with Collum taken on June 6, 1985, by the Conway Police Department. In this interview Collum states the day was Wednesday, not Tuesday. Lisa Young's body was not

discovered until 13 days after her disappearance. The defense focused on Young being with two men in a black pickup truck. Stone testified he left her at Protho Junction talking with these two men in the black pickup around 11:30. We have discussed this evidence in our decision in the *Stone* case issued today.

■ This petition is sought on the basis of our decision in *Penn* v. *State*, 282 Ark. 571, 670 S.W.2d 426 (1984), which opened the door in exceptional circumstances, to allow defendants to seek appropriate relief through the writ of error *coram nobis*. Those circumstances were defined carefully and were limited to where there is newly discovered evidence in the form of a confession to the crime by someone other than the accused; the confession must be made after the defendant is found guilty; and relief will only be granted after the trial court has lost jurisdiction and before we have decided the case.

In only one other case besides *Penn* have we granted permission to file such a petition with the trial court. See *State* v. *Scott*, 289 Ark. 234, 710 S.W.2d 212 (1986).

The facts presented in this petition do not meet the criteria of *Penn*, and we are not disposed to alter in any way our ruling in *Penn*. *Penn* was decided to fill a void in the system.

The petitioner is not precluded from filing for postconviction relief.

Petition denied.