## Mark STONE *v.* STATE of Arkansas

CR 84-175                                          767 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered March 27, 1989

*Appellant*, pro se.

No response.

PER CURIAM. The movant Mark Stone was found guilty by a jury of murder in the first degree and sentenced to forty years imprisonment in 1984. We affirmed. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986). We also denied a petition for writ of error coram nobis which had been filed in the case after the appeal record was lodged. *Stone* v. *State*, 290 Ark. 203, 718 S.W.2d 108 (1986). Stone now requests pursuant to the Freedom of Information Act, 5 U.S.C. § 552, a copy of all files and documents held by the clerk of this court. He states that he will be unable to prepare a defense properly without the production of the documents.

The federal statute cited by Stone does not apply to this court. Even if we treat the motion as a motion for transcript pursuant to our post-conviction rule, Criminal Procedure Rule 37, however, there is no basis to grant the relief requested.

A petitioner is not entitled to a free copy of the trial

transcript on file with this court or any other document in possession of the clerk unless he demonstrates some reasonably compelling need for specific documentary evidence to support an allegation contained in a petition for postconviction relief. *See Austin* v. *State,* 287 Ark. 256, 697 S.W.2d 914 (1985); *see Chavez* v. *Sigler,* 438 F.2d 890 (8th Cir. 1971); *see also United States* v. *Losing,* 601 F.2d 351 (8th Cir. 1979). Indigency alone does not entitle a petitioner to a transcript at public expense. *Washington* v. *State,* 270 Ark. 840, 606 S.W.2d 365 (1980). As the petitioner here has cited no specific reason for requiring a copy of the trial transcript or other items on file here, his motion is denied.

It should be noted that when an appeal has been lodged in either this court or the Court of Appeals, the appeal transcript and other documents filed with this court remain permanently on file with the Clerk of the Supreme Court. Counsel may check a transcript out through the Clerk's office for a period of time, and persons who are not attorneys may review a transcript in the Clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of pages from a transcript or other documents on file with the clerk may write this court and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Austin* v. *State, supra.*

Motion denied.