Zealous Allen JONES a/k/a Zealouse Allen Jones *v.*
STATE of Arkansas

CR 91-134                                        819 S.W.2d 683

Supreme Court of Arkansas
Opinion delivered October 7, 1991

*Edward T. Ogelsby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst.
Att'y Gen., for appellee.

PER CURIAM. The appellant, Zealous Allen Jones, was found
guilty of murder in the second degree on October 12, 1990, during
that window of time when Rule 37 of the Arkansas Rules of
Criminal Procedure was not in effect. Appellant was represented
at trial by John Kearney who filed a timely notice of appeal on
November 9, 1990. On November 12, 1990, after the notice of
appeal had been filed but within the time for filing a timely
petition under Rule 36.4,[1] a new attorney, Tim Womack, filed a
motion under Ark. R. Crim. P. 36.4, claiming ineffective assis-
tance of counsel.[2] Rule 36.4 provided that claims of ineffective

---

[1] November 11, 1990, was the thirtieth day, but as it fell on a Sunday, the motion
filed Monday, November 12, 1990, was timely.

[2] The record does not reflect that John Kearney ever asked to be relieved as counsel
by this court which he was obligated to do under Sup. Ct. R. 11(h), once the notice of
appeal had been filed or that Womack ever asked this court to be declared attorney-of-

assistance of counsel could be raised in a motion for new trial filed within thirty days of the date the judgment was entered.

After a hearing on the motion for new trial, the trial court denied relief. A second notice of appeal, this one filed by Mr. Womack, was filed, expressing the intention to appeal from both the judgment of conviction and the order denying the motion for new trial.

When the appellant's brief was filed in this court, Mr. Womack argued only that the trial court erred in denying the motion for a new trial. He did not abstract the trial record; instead, he simply stated that there was no reversible error in the trial proper. Assuming that Mr. Womack can be considered attorney-of-record, he was obligated under Sup. Ct. R. 11(h), and in accordance with *Anders* v. *California*, 386 U.S. 738 (1967), to ask to be relieved with respect to that portion of the appeal which he contends is meritless and to support the motion with "a brief referring to anything in the record that might arguably support the appeal, together with a list of all objections made by the appellant and overruled by the court and of all motions and requests made by the appellant and denied by the court, accompanied by a statement as to the reason counsel considers the points thus raised would not arguably support an appeal."

In an analogous situation, where an attorney contended there was merit to the appeal of the judgment but not of an order denying post-conviction relief, we required the attorney-of-record to file a motion to be relieved as counsel with respect to that part of the case in which he contended there was no merit. A copy of the motion and counsel's brief, which complied with Rule 11(h) and *Anders*, were mailed to the appellant so that he could respond, if he desired to do so, within thirty days.

There has been no compliance with Rule 11(h) in this case, nor any listing of objections made by the appellant and overruled by the court, nor of the motions and requests made by the appellant and denied by the court, accompanied by a statement as to the reason counsel considers that the points would

record. This court has never had occasion to decide whether an attorney under these circumstances must ask this court to declare him attorney-of-record.

not arguably support an appeal. Thus, to comply with Rule 11(h), appellant's counsel is required to rebrief the case. Once a motion to be relieved and brief have been filed in conformance with the rule, the motion and brief will be mailed to the appellant with a letter advising him of his right to respond to the "no merit" portion of the case.

This case is removed from the list of cases under active submission, awaiting further briefing in accordance with this per curiam.