**Wilbert JACKSON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 92–2405.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1993.

Decided April 26, 1993.

Edward G. Adcock, Little Rock, AR, for appellant.

Olan W. Reeves, Little Rock, AR, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

2. Section 16–89–111(e)(1) provides:

MAGILL, Circuit Judge.

Wilbert Jackson, an Arkansas prisoner, appeals from the district court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

I.

Jackson and Glen Christopher were charged with two counts of theft of property. Christopher pleaded guilty at trial and testified he and Jackson committed the offense. Chief Deputy Bobby Freeze testified he received an anonymous tip that some stolen irrigation pipe might be moved through a specific intersection. Freeze set up surveillance near the intersection and eventually saw a truck pulling a load of irrigation pipe. Freeze testified he recognized the occupants of the truck when they stopped to check the load of pipe which was dragging on the ground. After following the truck for a short time, Freeze testified, he stopped the truck because he suspected the pipe was stolen. Freeze then handcuffed Jackson and placed him in the back seat of Freeze's vehicle. Freeze read Christopher his *Miranda* rights and questioned him about the pipe. Freeze testified that on the basis of Christopher's answers, he placed both Christopher and Jackson under arrest. Charles Tyson and Gordon Mattison testified they owned the pipe and the trailer which had been stolen.

At trial, Jackson's trial counsel moved for acquittal at the close of the State's case, arguing the State had not sufficiently corroborated the testimony of Jackson's accomplice as required under Ark.Code Ann. § 16–89–111(e)(1) (Michie 1987).[2] The court denied the motion. Jackson's counsel failed to renew the motion at the close of all the evidence. The jury convicted Jackson as a habitual offender and recommended consecutive terms of six and twenty years.

A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

Jackson did not raise a claim of ineffective assistance of counsel in the trial court, but he did file a timely direct appeal. Jackson's appellate counsel (a different attorney) did not raise ineffective assistance of trial counsel on direct appeal. The Arkansas Court of Appeals affirmed Jackson's conviction concluding that his argument regarding sufficiency of the corroborating evidence was not properly preserved for appeal because Jackson failed to renew his motion for acquittal at the conclusion of all the evidence. *Jackson v. State*, No. CACR 90–45, 1990 WL 177166 (Nov. 14, 1990).

According to Arkansas Rule of Criminal Procedure 36.4 as it existed during the relevant time periods for this case, a convicted defendant had to assert a claim of ineffective assistance of counsel within thirty days of judgment. Jackson did not do this.

Jackson's petition for a writ of habeas corpus in the state courts was denied for failure to state a claim upon which relief could be granted. Jackson then filed this 28 U.S.C. § 2254 petition claiming his trial counsel was ineffective because he failed to move for acquittal at the close of all the evidence and thus failed to preserve the corroboration issue for appeal. Jackson also claimed there was insufficient evidence to corroborate the testimony of his accomplice. The State argued that Jackson had procedurally defaulted on both claims and that he could not use his ineffective assistance claim as cause. The district court concluded that Jackson had not shown adequate cause for failing to raise his claims in state court, and therefore he was procedurally barred from raising them in his petition.

## II.

Jackson may raise his current habeas claims only if he can show cause for his failure to raise these issues in the state court proceedings and prejudice. *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). If he cannot show cause and prejudice, his claims are procedurally defaulted. *Id.*

■ Jackson claims that ineffective assistance of counsel was the cause for his failure to raise these claims in state court. Ineffec-

tive assistance of counsel in itself may constitute cause to lift the procedural bar. *See Dawan v. Lockhart*, 980 F.2d 470, 473 (8th Cir.1992); *Coleman*, —— U.S. at ——, 111 S.Ct. at 2567. To prevail in his ineffective assistance claim, Jackson must show that his attorney acted professionally unreasonably under the circumstances and that this prejudiced Jackson's defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). To establish that he was prejudiced by the ineffective assistance of counsel, it is not sufficient for Jackson to show there is a reasonable probability that the result of the trial may have been different. *Lockhart v. Fretwell*, —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). Jackson must show that "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.; Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

■ We note that this court's duty in a habeas proceeding is not to correct errors of fact, but to determine whether an individual is imprisoned in violation of the Constitution. *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993). We must determine whether Jackson's constitutional rights have been violated because he was not afforded effective assistance of counsel at trial. We hold that Jackson cannot demonstrate prejudice because the result of his trial was not unreliable nor fundamentally unfair. Therefore, Jackson cannot show ineffective assistance of counsel and thus no cause to overcome the procedural bar.

The trial court had already denied a motion for acquittal at the end of the State's case. In the view of the trial judge, the State had presented substantial evidence to corroborate the accomplice's testimony, i.e., sufficient evidence tending to connect Jackson with the commission of the crime. *See Klimas v. State*, 259 Ark. 301, 534 S.W.2d 202, 205, *cert. denied*, 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed.2d 117 (1976). If Jackson's trial counsel had renewed his motion for acquittal based on sufficiency of the corroborating evidence at the conclusion of all the evidence, it is highly unlikely that the trial court would

have granted the motion for acquittal. The trial court judge had already denied it once indicating that he thought the evidence presented by the State was sufficient to raise a jury question. Given the quantum of evidence which the State had placed before the court, there is no reason to suspect that the trial judge's ruling on the motion would have been any different after all the evidence was presented. Therefore, Jackson's attorney's failure to move for an acquittal at the conclusion of all the evidence did not render the trial result unreliable or the proceeding fundamentally unfair because in all probability the result would have been the same even if the motion had been made.

If Jackson's trial counsel had renewed his motion, then he would have preserved the issue of sufficiency of the corroborating evidence for appeal. On direct appeal, Jackson would have argued that the motion for judgment of acquittal should have been granted. In order for the trial court to grant a motion for acquittal, there must be no substantial evidence from which the jury could find for the nonmoving party, and there must be no way that reasonable minds could reach any other conclusion. See Larimore v. State, 309 Ark. 414, 833 S.W.2d 358, 359 (1992); McGalliard v. State, 306 Ark. 181, 813 S.W.2d 768, 769 (1991). Circumstantial evidence may constitute substantial evidence warranting the denial of a motion for acquittal. See Davasher v. State, 308 Ark. 154, 823 S.W.2d 863, 868, cert. denied, — U.S. —, 112 S.Ct. 2948, 119 L.Ed.2d 571 (1992). This court must consider whether the evidence in this case warranted a judgment of acquittal.

We hold that the specific evidence in this case viewed independently and in light of Arkansas precedent compels the conclusion that a judgment of acquittal was properly denied. There was sufficient circumstantial evidence presented to raise a jury question. As the district court pointed out, there was the testimony of several people at trial and there was physical evidence to tie Jackson to the crime. The jury was properly given the task of weighing all the evidence and reaching a verdict. Furthermore, past Arkansas cases do not clearly indicate that the accomplice testimony in this case was insufficiently corroborated so as to preclude the trial court

judge from submitting this case to the jury. See, e.g., Johnson v. State, 6 Ark.App. 78, 638 S.W.2d 686, 690 (1982) (holding proof of possession of stolen goods is sufficient evidence to sustain conviction for theft); Paladino v. State, 2 Ark.App. 234, 619 S.W.2d 693, 695 (1981) (same). But see Olles v. State, 260 Ark. 571, 542 S.W.2d 755, 758 (1976) (holding possession alone cannot sufficiently corroborate the testimony of an accomplice when the stolen property was not sufficiently identified at trial), overruled on other grounds by White v. State, 290 Ark. 130, 717 S.W.2d 784 (1986); Cockrell v. State, 256 Ark. 19, 505 S.W.2d 204, 206 (1974) (holding recovery of stolen guns from trunk of accused's car was insufficient corroboration of testimony of accomplice who lived with accused and used his car). Given that Arkansas case law does not clearly indicate that the specific evidence in this particular fact situation was insufficient to corroborate the accomplice's testimony, we conclude that reasonable minds could disagree as to the result. Because reasonable minds could disagree given the evidence presented here, the trial court was correct in not granting the motion for acquittal and the case was correctly submitted to the jury. Therefore, the result of Jackson's case is not unreliable nor were the proceedings fundamentally unfair.

Because this court cannot say that the result of the trial was unreliable, nor were the proceedings fundamentally unfair, there is no prejudice. Because there is no prejudice, there was not ineffective assistance of counsel. Because there was not ineffective assistance of counsel, there is no cause to lift the procedural bar. Because there is no cause, the claims are procedurally defaulted and the habeas petition must be dismissed.

## III.

Based on the foregoing, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent because I disagree with the court's evident conclusion that the Arkansas case law must "clearly indicate" that the petitioner's case was not submissible

to the jury before he can prevail on his habeas claim. I believe that the proper inquiry is whether, under the governing Arkansas precedents, the petitioner was entitled to a directed verdict. For the petitioner to prevail, in other words, I think it is enough that the law is in his favor, even if it is not clearly in his favor. The court's holding injects a novel ingredient into the law of habeas corpus, a law already overburdened with prolixity and uncertainty. The court also creates a requirement that imposes a burden on the petitioner that is unwarranted either by policy or past practice.

My reading of the relevant cases, moreover, makes me believe that the petitioner's case was not in fact submissible under Arkansas law. While the court seems to think that the Arkansas authorities are not easy to reconcile, I note that both of the cases cited for the proposition that a submissible case had been made out were decided by the Arkansas Court of Appeals. If there is a conflict between the Court of Appeals and the Supreme Court of Arkansas, our duty, of course, is to apply the law decided by the latter. The precedents of the Court of Appeals, on one hand, and the Supreme Court, on the other, are not of equal weight, and therefore cannot conflict.

There is, moreover, a perfectly plausible way of resolving the apparent conflict. All of the Arkansas cases are consistent with the proposition that sole possession by a defendant of stolen goods is sufficient evidence to avoid a directed verdict in his favor, but that joint possession with an admitted accomplice is not. *See Cockrell v. State,* 256 Ark. 19, 505 S.W.2d 204 (1974), *Olles v. State,* 260 Ark. 571, 542 S.W.2d 755 (1976). In this last case, the court remarked that the facts before it were like *Cockrell,* which it characterized as holding that "the mere fact that stolen guns were found in the trunk of the accused's automobile was not sufficient corroboration of the testimony of an accomplice who lived with the accused and had free use of the car, especially when the accused was at work." *Olles,* 260 Ark. at 576, 542 S.W.2d at 759. The court's reliance on the ambiguity produced by the joint possession of the accused and an accomplice is evident. Our facts not only present a case of joint possession, but

the truck on which the stolen goods were loaded was driven by the accomplice at the time of the arrest and evidently belonged to one of his relatives. There was nothing whatever in the evidence to connect the truck with the defendant.

I am thus of the view that Jackson was prejudiced by his lawyer's failure to preserve the corroboration issue for appeal. I would therefore remand the case for further proceedings on the question of the professional unreasonableness of the lawyer's conduct.