26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Darwin E. CONLEY, Appellant,
v.
Michael GROOSE, Appellee.
 No. 93-2837.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1994.
Filed: May 17, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Missouri prisoner Darwin E. Conley filed a pro se 28 U.S.C. Sec. 2254 habeas petition raising multiple grounds for relief from his rape, robbery, kidnapping, and sodomy convictions. The district court denied Conley's petition without a hearing based on the state court postconviction record and Conley appeals.
 
 
 2
 Conley contends the district court should have conducted an evidentiary hearing before ruling on his ineffective assistance of counsel claims. We disagree. Conley was not entitled to an evidentiary hearing because the state court record clearly showed Conley's ineffective assistance claims are either procedurally defaulted or without merit. See Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994). The claims that Conley failed to present to the Missouri courts and the claims that Conley presented in his postconviction motion but failed to appeal are procedurally defaulted, and Conley has not asserted cause and prejudice to excuse his default. See Smith v. Jones, 923 F.2d 588, 589 (8th Cir. 1991). Conley's remaining ineffective assistance claims based on his counsel's failure to call an expert witness and to have a medical test performed are without merit because Conley has not shown that his counsel's performance prejudiced his defense. See Jackson v. Lockhart, 992 F.2d 167, 169 (8th Cir. 1993). The omitted evidence could not have exonerated Conley or rebutted the state's case given the state's admitted lack of physical evidence linking any particular person to the rapes. Counsel's performance thus did not " 'render[ ] the result of [Conley's] trial unreliable or the proceeding fundamentally unfair.' " See id. (quoting Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993)).
 
 
 3
 Conley also contends the district court should have appointed counsel. We conclude the district court did not abuse its discretion in failing to appoint counsel because the issues were properly resolved based on the state court record. Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993). Besides, Conley did not request counsel, he competently litigated his action, and he has not shown that appointed counsel would have aided him or the court. See Williams v. Groose, 979 F.2d 1335, 1337 (8th Cir. 1992) (per curiam).
 
 
 4
 Accordingly, we affirm.