Jeff BEALER *v.* STATE of Arkansas

CA CR 93-365                                    897 S.W.2d 577

Court of Appeals of Arkansas
Division II
Opinion delivered May 17, 1995

*J. Sky Tapp*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was convicted of delivery of cocaine and sentenced to thirty years in the Arkansas Department of Correction.

Pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, the appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. This motion was accompanied by a brief referring to everything in the record that might arguably support an appeal. The Clerk of this Court furnished the appellant with a copy of his counsel's brief and notified him of his right to file a *pro se* brief within thirty days. The appellant did not file a brief. The State concurs that

the appellant's counsel has complied with Rule 4-3(j) and that the appeal is without merit.

■ There were no objections or rulings at trial decided adversely to the appellant. Therefore, from our review of the record and the briefs presented to this Court, we find compliance with Rule 4-3(j) of the Rules of the Arkansas Supreme Court and the Court of Appeals, and that the appeal is without merit. Accordingly, counsel's motion to be relieved is granted and the judgment of conviction is affirmed.

PITTMAN and MAYFIELD, JJ., concur.

JOHN MAUZY PITTMAN, Judge, concurring. I fully join in Judge Cooper's opinion by which we affirm appellant's conviction and grant counsel's motion to be relieved. I write separately only to respond to the position taken by Judge Mayfield in his concurring opinion. First, I cannot agree with the position that, despite the fact that "there were no objections or rulings during trial that were decided adversely to appellant," the sufficiency of evidence remains a "possible ground for reversal." Therefore, I disagree that we should address the question of the sufficiency of the evidence.

At a jury trial, a defendant's failure to move for a directed verdict at the conclusion of the State's case and again at the close of all of the evidence constitutes a waiver of any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 36.21(b). Here, appellant did not move for a directed verdict at either time. Thus, the sufficiency issue was not preserved for appeal and is not a possible ground for reversal, and we cannot consider it. *See Cummings* v. *State*, 315 Ark. 541, 869 S.W.2d 17 (1994); *Henry* v. *State*, 309 Ark. 1, 828 S.W.2d 346 (1992); *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992); *Porter* v. *State*, 43 Ark. App. 110, 861 S.W.2d 122 (1993).

Nor can I agree with Judge Mayfield's implication that we must nevertheless determine whether sufficient evidence was introduced to support a conviction before we can declare an appeal wholly frivolous. In fact, the Arkansas Supreme Court has ruled contrary to that position. *See Jones* v. *State*, 308 Ark. 555, 826 S.W.2d 233 (1992) (in affirming a criminal conviction where the appellant's counsel filed a no-merit brief, the supreme

court simply noted that the issue of sufficiency of the evidence had not been preserved and was therefore waived). The purpose behind the requirement in no-merit cases that we must determine whether an appeal would be wholly frivolous is to assure that an adversarial presentation is not required. How is that purpose served by considering the merits of an issue clearly not preserved for appeal? Were we to order rebriefing in an adversary form on such an issue, we would without question affirm the appeal without ever reaching the merits. What could be more frivolous than such an appeal?

Finally, I also disagree that the possibility that one may apply for federal habeas corpus relief should cause us to address the merits of an issue that clearly is not preserved for appeal. As Justice George Rose Smith wrote for the Arkansas Supreme Court in this state's leading case on the necessity of appropriate objections at trial, "[I]f the supposed error actually calls for postconviction relief, the defect [absence of an objection below] is not cured by the presentation of an argument that is certain to be rejected by this court for want of an objection at the trial." *Wicks v. State*, 270 Ark. 781, 787, 606 S.W.2d 366, 370 (1980).

MELVIN MAYFIELD, Judge, concurring. I concur in the result reached by the opinion written by Judge Cooper but that opinion does not come to grips with an issue that I think should be discussed and decided.

Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals sets out certain requirements to be followed in cases where the attorney wants to withdraw because the appeal is without merit. The rule concludes that after considering the attorney's motion to withdraw the appellate court may affirm or reverse the judgment of the trial court "without any supporting opinion."

However, our appellate court decisions have established some basic rules in these cases and have referred to the United States Supreme Court case of *Anders* v. *California*, 386 U.S. 738 (1967), and its requirements for insuring the guarantees of equal protection and due process provided by the United States Constitution. In that regard, *Jones* v. *State*, 306 Ark. 632, 819 S.W.2d 683 (1991), directed an attorney to rebrief a case where his brief did not comply with *Anders* and our appellate court rules. In

*Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989), we said "a no-merit appeal brief written almost entirely by the State does not comport with the constitutional requirements of equal protection and due process set out in *Anders*." In *Ofochebe* v. *State*, 40 Ark. App. 92, 844 S.W.2d 373 (1992), we said that under the requirements of *Anders* the appellate court is required "to make a determination 'after a full examination of all the proceedings,' whether the case is wholly frivolous." And we have denied counsel's motion to withdraw and have ordered rebriefing where we found that the appeal was not "wholly frivolous." *Tucker* v. *State*, 47 Ark. App. 96, 885 S.W.2d 904 (1994).

In the instant case the appellant was found guilty by a jury of delivery of a controlled substance, cocaine, and sentenced to thirty years in the Arkansas Department of Correction. Pursuant to *Anders* v. *California* and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, the appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit.

Because there were no objections or rulings during trial that were decided adversely to appellant, the only possible ground for reversal is the sufficiency of the evidence. Counsel for appellant, however, did not move for a directed verdict at the conclusion of the State's case and again at the close of all the evidence, and this constitutes a waiver of any question as to the sufficiency of the evidence. *Reagan* v. *State*, 318 Ark. 380, 885 S.W.2d 849 (1994). But counsel has abstracted the evidence and we can determine whether it is sufficient. Moreover, it appears to be in keeping with *Anders* and our own cases of *Ofochebe* and *Tucker, supra*, for us to determine whether the appeal is "wholly frivolous." Indeed, our supreme court has said that a conviction would be void if there "is absolutely no evidence whatsoever to support the conviction." *Williams* v. *State*, 298 Ark. 317, 320, 766 S.W.2d 931, 933 (1989).

In addition, there is the possibility that a federal court may be asked to review this case on the grounds that the failure of appellant's attorney to make a proper motion for directed verdict deprived appellant of the effective assistance of counsel. In *Evitts* v. *Lucey*, 469 U.S. 387, 392 (1985), the Court said that the Fourteenth Amendment to the Constitution of the United

States guarantees a criminal appellant pursuing a first appeal as of right certain minimum safeguards necessary to make the appeal adequate and effective, and among those safeguards is the right to counsel. Also, the court said that the right to counsel created by the Sixth Amendment, which applies to the states through the Fourteenth Amendment, comprehends the right to *effective* assistance of counsel at the appellate level.

Although the United States Supreme Court grants certiorari for direct review in some cases, many federal questions from state courts reach the federal courts by a suit brought to obtain a writ of habeas corpus. In *Kimmelman* v. *Morrison*, 477 U.S. 365, 383 (1986), the Court said that when a State obtains a criminal conviction in a trial where the accused is deprived of the effective assistance of counsel the State unconstitutionally deprives the accused of his liberty and the federal courts may grant habeas relief. And while the federal courts will refuse to entertain an application for habeas corpus where the petitioner has failed to present his federal constitutional claim to the state court, this rule has undergone change. The opinion in *Keeney* v. *Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), says the Court has "rejected the deliberate bypass standard in state procedural default cases and has applied instead a standard of cause and prejudice." 504 U.S. at 6; 112 S.Ct. at 1718; 118 L.Ed.2d at 327. The Court also said (504 U.S. at 7, 112 S.Ct. at 1718, 118 L.Ed.2d at 327-8) that *McCleskey* v. *Zant*, 499 U.S. 467 (1991), had held "that the same standard used to excuse state procedural defaults should be applied in habeas corpus cases where abuse of the writ is claimed by the government." In *McCleskey* the Court said:

> In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. . . . Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default . . . . Once the petitioner has established cause, he must show "'actual prejudice' resulting from the errors of which he complains."

499 U.S. at 493-94 (citations omitted). The Court in *Keeney* reversed and remanded to allow the appellee to show cause for

his failure to develop the facts in the state court proceedings and show prejudice from that failure.

In Arkansas, our supreme court has held that an appellant who has not made a motion for directed verdict in the trial court cannot question the sufficiency of the evidence on direct appeal and cannot circumvent this rule by asserting the ineffective assistance of counsel in a Rule 37 hearing. *Williams* v. *State*, 298 Ark. 317, 767 S.W.2d 299 (1989); *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Since it has also been held that the effectiveness of counsel may not be raised for the first time on direct appeal, *Tisdale* v. *State*, 311 Ark. 220, 227, 843 S.W.2d 803, 806 (1992), it is fairly clear that the appellant in this case cannot question in state proceedings the sufficiency of the evidence upon which he was convicted or whether the failure of counsel to make a motion for directed verdict deprived appellant of the effective assistance of counsel on appeal. However, the federal courts can examine the effective-counsel issue under their cause and prejudice standard, and in *Jackson* v. *Lockhart*, 992 F.2d 167 (8th Cir. 1993), that is exactly what the court did. There, the court pointed out the Arkansas procedure and citing *Coleman* v. *Thompson*, 501 U.S. 722 (1991), said that if Jackson could not show cause and prejudice his habeas claim would be procedurally defaulted. 992 F.2d at 169. The court found that even if Jackson's trial counsel had renewed his motion for directed verdict at the conclusion of all the evidence, it was "highly unlikely" that the trial court would have granted it. *Id.* at 169-70. Thus, although the court specifically said that "ineffective assistance of counsel in itself may constitute cause to lift the procedural bar," *Id.* at 169, Jackson did not "demonstrate prejudice." And while the federal court in *Jackson* examined the evidence for itself, in *Coleman* v. *Thompson* the Court, discussing its determination of whether there was an independent and adequate state law reason to deny a petition for habeas corpus, said "we encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest . . . ." 501 U.S. at 739.

Therefore, I think the possibility of federal review indicates that it would be prudent to pass upon the sufficiency of the evidence in this case even though proper motions for directed verdict were not made. For that reason I would make it clear that under the procedural law of this state the appellant is not enti-

tled to a determination in this appeal of the sufficiency of the evidence to support his conviction; however, since the right to effective assistance of counsel presents a federal question which might be examined by the federal courts under the cause and prejudice standard, I would review the sufficiency of the evidence as an *alternative* basis for our decision in this appeal.

As an addendum to the above paragraph, and in an attempt to eliminate any confusion that might result from Judge Pittman's concurring opinion, I want to stress that I do not contend that we *must* determine whether sufficient evidence was introduced to support a conviction before we can declare an appeal wholly frivolous. But I have said that the Arkansas Supreme Court has said that a conviction would be void if there "is absolutely no evidence whatsoever to support the conviction." *See Williams* v. *State, supra.* The reason this is true, as explained in *Williams*, is that a conviction under those circumstances would violate due process. Another constitutional reason for being concerned about sufficiency of the evidence is revealed by the above cited cases of *Coleman* v. *Thompson, Keeney* v. *Tamayo-Reyes*, and *Jackson* v. *Lockhart*. These cases hold that a state prisoner's federal claim will not be granted habeas review in federal court if it was procedurally defaulted in state court unless (1) he can show cause for the default and actual prejudice resulting therefrom, or (2) that a fundamental miscarriage of justice would result from a failure to review the claim. Those cases also demonstrate that the failure to properly question the sufficiency of the evidence will not constitute ineffective assistance of counsel if the evidence is in fact sufficient, since no prejudice could result in that situation.

Therefore, because the evidence has been abstracted in the appellant's brief in this case, I would, as an *alternative* basis for affirmance, hold that the evidence is sufficient to support appellant's conviction. Not because that *must* be done, and not because the sufficiency of the evidence issue was properly raised during trial, but because the sufficiency issue can be raised in federal court in connection with a federal claim of ineffective assistance of counsel and because I have read appellant's brief and believe that his conviction is supported by the evidence.

Finally, I would point out as *Coleman* v. *Thompson*, points out:

When a federal habeas court considers the federal claims of a prisoner in state custody for independent and adequate state law reasons, it is the State that must respond. It is the State that pays the price in terms of the uncertainty and delay added to the enforcement of its criminal laws. It is the State that must retry the petitioner if the federal courts reverse his conviction.

501 U.S. at 738-39.