STATE, EX REL. WRIGHT *v.* CASEY.

5-702                              279 S. W. 2d 819

Opinion delivered June 6, 1955.

*Tom Gentry,* Attorney General; *James L. Sloan* and *Thorp Thomas,* Assistant Attorneys General, and *Ed E. Ashbaugh,* for appellant.

*H. G. Leathers,* for appellee.

J. SEABORN HOLT, J.   This appeal involves the question of the right of the Arkansas Game and Fish Commission to adopt rules and regulations for the conservation and regulation of wildlife in Arkansas.   Specifically the question is whether the Commission could promulgate a rule to require a license fee of $1.50 on each hound dog used for chasing foxes for pleasure, and also a penalty for failure to comply.

The question arose in this manner:   Appellee Chester Casey was on March 31, 1954, charged in a Justice of the Peace Court with the offense of hunting foxes with a fox hound without first having procured a license at a cost of $1.50 for said hound.   Appellee, before trial was had in the Justice Court, filed petition in the Carroll Circuit Court alleging "that the Justice of the Peace was without jurisdiction to try said cause, for the reason the petitioner is not charged with an offense in violation of the laws of the State of Arkansas or any municipality therein and asked that said Justice of the

Peace be prohibited and restrained from proceeding further in said cause." Hearing was had on this petition January 29, 1955, and the court found that the petition should be granted "for the reason that Section J of the Game and Fish Commission Code No. 100 issued and effective January 1, 1953, is an attempt to abrogate § 47-201, Sub-section K, of the Arkansas Statutes (1947) which fixes the fee at $.50 and that the Fish and Game Commission is without power to arbitrarily raise the fees for revenue purposes, fixed by the legislature."

This appeal followed. In this court the appellant has waived any objection to the method of proceeding, by prohibition, in the circuit court, and that issue is not before us. Amendment 35 to the Constitution of Arkansas became effective July 1, 1945, by which the Arkansas Game and Fish Commission was created and given broad and comprehensive powers. This amendment "is complete within itself, and prior legislative Acts, whether directive or restrictive in nature, have been superseded. It seems to have been the purpose of those who wrote the Amendment to cover the whole subject, and to either provide, or leave to the Commission, methods for reaching these ends," *W. R. Wrape Stave Co.* v. *Arkansas State Game and Fish Commission*, 215 Ark. 229, 219 S. W. 2d 948.

Section 1 of the amendment provides "The control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State, including hatcheries, sanctuaries, refuges, reservation and all property now owned, or used for said purposes and the acquisition and establishment of same, the administration of the laws now and/or hereafter pertaining thereto, shall be vested in a Commission to be known as the Arkansas State Game and Fish Commission" and in Section 8 we find this provision, "Resident hunting and fishing license, each, shall be One and 50/100 Dollars annually, and shall not exceed this amount unless a higher license fee is authorized by an Act of Legislature."

We think it clear from this unambiguous language that the people in enacting Amendment 35 intended that

the Game and Fish Commission should collect from all resident hunters and fishermen a license fee of $1.50 each for the privilege of hunting and fishing, until such time as the Legislature should authorize a higher license fee to be collected. The power to fix this license fee at more than $1.50 rested solely with the Legislature and not the Commission.

The Commission on January 1, 1953, promulgated in its "Game and Fish Code" the following rule and regulation in Section 22-J-100, "It shall be unlawful to hunt, pursue, chase or take any deer, rabbit, squirrel, raccoon, opossum, fox or other fur-bearing animal, wild turkey, wild duck, quail, snipe, woodcock or other wild fowl, game bird or wild animal or fur-bearing animal in this State with a dog without first procuring a license for each dog so used for which license the sum of $1.50 shall be paid."

As indicated, Appellee argues and the trial court held that this Section J in so far as it raises the license fee on fox hounds used for pleasure in chasing foxes, from $.50 to $1.50, violates or abrogates § 47-201-K-Arkansas Stats. 1947, which section provides "It shall be unlawful to hunt, pursue, chase, or take any deer, wild turkey, wild duck, quail, snipe, woodcock or other wild fowl or game bird in this state, with a dog, without first procuring a license for each dog so used, for which license the sum of one dollar and fifty cents ($1.50) shall be paid, provided a special license, at a fee of fifty cents (50 cents), shall be procured for each dog used in chasing fox for pleasure."

We do not agree. The above § 47-201 was enacted by the 1943 Legislature which was prior to the effective date of Amendment 35 (July 1, 1945). This Amendment 35 in § 1, as pointed out above, gave the Commission broad power and authority to control, manage, restore, conserve and regulate the game and wildlife resources of Arkansas, including sanctuaries, refuges, reservations, and all property now owned or that may be acquired by the Commission and used for said purposes.

Section 8 of the amendment further provides, "The Commission shall have the exclusive power and authority

to issue licenses and permits, to regulate bag limits and the manner of taking game and fish and fur-bearing animals, and shall have the authority to divide the State into zones, and regulate seasons and manner of taking game, and fish and fur-bearing animals therein, and fix penalties for violations.'' Under these provisions of this amendment we hold that the Commission has been given full and complete administrative power and authority to promulgate rules and regulations necessary for the conservation and preservation of all wildlife including not only the power to establish a bag limit, set seasons in which to hunt and fish and the penalty for violations but also the power to levy a license fee on all hunting dogs, just so long as such license fees are not unreasonable or arbitrary and are for regulatory purposes—as appears here—and not for revenue. This power to levy and to fix the amount of license fee on each hound dog has been reserved to the Commission alone. Obviously the people by enacting this amendment intended that the Commission should have sufficient and ample funds with which to function in preserving and propagating wildlife in the manner provided therein. As pointed out above, it was the purpose of those who wrote this amendment to cover the whole subject relating to the wildlife conservation and to provide or leave to the Game and Fish Commission methods of reaching those ends.

Section 8 above contains this further language ''The fees, monies, or funds arising from all sources by the operation and transaction of the said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and wildlife resources of the State, including the purchases or other acquisitions of property for said purposes and for the administration of the laws pertaining thereto and for no other purposes.''

We hold, therefore, that Amendment 35 vested in the Commission the power to fix the amount of license fees, with the exception that the fees for resident hunting and

fishing licenses can be increased only by legislative act. With respect to other license fees, such as the one involved here, the Commission's authority is clearly stated in this sentence in the Amendment: "All laws now in effect shall continue in force until changed by the Commission." It follows that § 47-201-K of the statutes, which fixed the annual license fee for fox hounds at fifty cents, has been repealed and superseded by the Commission's regulation raising the fee to $1.50 annually.

Accordingly the judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Chief Justice SEAMSTER and Justice MILLWEE dissent.