Charles FOWLER *v.* STATE of Arkansas

CR 84-120                                    676 S.W.2d 725

Supreme Court of Arkansas
Opinion delivered October 1, 1984

*Charles R. Swaty,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty.

Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted by the Grant County Circuit Court for violation of the Game and Fish Commission's regulations relating to the use of fishing nets. The trial court held that Ark. Stat. Ann. § 47-411(F) (Repl. 1977) was unconstitutional inasmuch as it attempted to override Amendment 35 to the Arkansas Constitution which authorizes the Game and Fish Commission to regulate, control and manage the fish, game and wildlife resources of the State. Appellant argues that the court erred in holding Ark. Stat. Ann. § 47-411(F) unconstitutional. He argues in the alternative that if the statute is unconstitutional, he had the right to rely on the statute until it was declared unconstitutional and was therefore not guilty of the charges against him. We do not agree with appellant's arguments.

The facts of this case are not disputed. The illegal nets owned and used by appellant were in a private impoundment known as Clearwater Lake. The appellant and other property owners adjacent to the lake were joint owners. The nets here in question were in the water immediately behind the appellant's back yard.

This court has already held that Amendment 35 gives the Game and Fish Commission exclusive authority to regulate sale of fish from private waters. The Legislature is divested of powers to regulate fish and wildlife except for making appropriations and to increase annual resident hunting and fishing licenses. *Farris* v. *Arkansas State Game and Fish Commission*, 228 Ark. 776, 310 S.W.2d 231 (1958). In *Farris* we held that fish farmers may utilize the fish raised in domestic waters for any purpose they desired, so long as it was not in violation of the regulations of the Game and Fish Commission.

The only undecided issue in this case is whether appellant is entitled to the protection of the unconsti-

tutional statute. By enacting Ark. Stat. Ann. § 47-411(F) the General Assembly attempted to prohibit the Game and Fish Commission from regulating the harvesting of fish from privately owned waters. The facts of this case clearly establish Clearwater Lake as waters excepted by the statute from regulation by the Game and Fish Commission. The General Assembly has simply been divested of this power by Amendment 35. Arkansas Stat. Ann. § 41-206(3)(a) (Repl. 1977) allows an affirmative defense to violations of statutes, afterwards determined to be invalid, provided the actor engaged in the conduct in reasonable reliance upon the validity of the statute. In the present case the actor was not aware of the existence of the statute at the time of the violation. Appellant's argument here that he relied upon Ark. Stat. Ann. § 47-411(F) is too late. Even if the constitutionality of the Act had been argued below he could not prevail because the record clearly reveals he neither relied upon the invalid statute nor did he plead it as an affirmative defense. *Finley* v. *State,* 282 Ark. 146, 666 S.W.2d 701 (1984).

Affirmed.