Timothy DENNIS and Brian Milton *v.* STATE of Arkansas

CA CR 88-138                                         764 S.W.2d 466

Court of Appeals of Arkansas
Division II
Opinion delivered February 8, 1989

*Henry & Mooney*, by: *Wayne Mooney*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Timothy Dennis and Brian Milton appeal from their convictions of the offense of night hunting, for which they were sentenced to fifteen days in the county jail, fined $1000.00, had their hunting privileges suspended for a period of two years, and had a rifle and spotlight found in their possession confiscated. We affirm.

The appellants first contend that there was not sufficient evidence to support the findings that they were night hunting or that the offense was committed within the geographic jurisdiction of Cross County courts. We do not agree.

In reviewing the sufficiency of the evidence to support a criminal conviction, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and will affirm the judgment if there is substantial evidence to support the findings of fact. *Harris* v. *State*, 15 Ark. 58, 689 S.W.2d 353 (1985). The evidence viewed in this light reflects that Chuck Tedder, a wildlife officer with the Arkansas Game and Fish Commission, with nine years of experience, received a tip from an informant that he had observed night hunters. The officer testified that it was not uncommon for him to receive information of game violations from informants. He responded to that call by going to the location mentioned by the informant, which was near the county line between St. Francis and Cross counties and at the edge of a game reserve which contained a high concentration of deer and where there had been numerous instances of illegal hunting. He stated that he observed a truck moving at a very slow speed, with a spotlight working along the edge of a thicket. He testified that he was familiar with that location and that, although the vehicle did cross into St. Francis County, most of the activity he observed and described occurred in Cross County.

As the truck came near his position, he turned on his blue lights and stopped it. The two appellants were in the vehicle, and

one was "crouched down into the floorboard . . . as though he was trying to hide something." The officer found a .22 Magnum rifle, loaded with five .22 Magnum hollow point bullets, lying on the floorboard between the passenger's legs. He also found two boxes of like shells in the vehicle. Without objection, he testified that this type of ammunition was illegal for the taking of big game, but that it was used often by nighthunters because it was "a lot quieter than a 30-30 or a 30-06, and it is very powerful." He did not find any game in the vehicle but did find a 300,000 candle power spotlight.

Appellants contended that they were on legitimate business concerning their commercial interests. One claimed that he had gone to the area to check the oxygen content in a catfish pond and that he always carried the rifle and spotlight to shoot turtles and snakes, which damage the fish crop. The other appellant testified that he was requested to go with him and did so because he wished to use the spotlight to check his own farming interest in that vicinity.

No one disputed that the appellants were arrested near midnight while in possession of a loaded rifle in an area adjacent to a state park containing an abundance of deer and small game. Arkansas Code Annotated § 15-43-105(a) (1987) (formerly Ark. Stat. Ann. § 47-502(S) (Repl. 1977)) and Arkansas Game and Fish Commission Regulation 1.00-F provide that the possession of firearms in forests, or along streams or any location known to be game cover, should be considered prima facie evidence that the possessor is hunting. There was definite evidence that the appellants were in possession of a firearm in an area near a game reserve and within Cross County. The appellate court does not attempt to weigh the evidence or pass on the credibility of the witnesses where the testimony conflicts. We affirm the trier-of-fact if there is any substantial evidence to support the conviction. We cannot conclude from our review of the record that the findings that the appellants were in fact night hunting and that the offenses occurred in Cross County are not supported by substantial evidence.

Appellants next contend that the sentence imposed by the trial court exceeded the range of punishment provided by law. They contend that, under the provisions of Ark. Code Ann. § 15-

43-240 (1987) (formerly Ark. Stat. Ann. §§ 47-502(P) and 47-502(P-1) (Rep. 1977)), the penalty for a person convicted of hunting at night with a spotlight is limited to a fine of between $10.00 and $200.00. They argue that the court clearly exceeded the statutory range in fixing their punishment.

■ Although this issue was not properly preserved for appellate review because the appellants failed to object to the sentence at the time it was entered, *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987), we point out that § 15-43-240 was enacted before Amendment 35 to the Arkansas Constitution was adopted in 1945. Under the provisions of that amendment, the Arkansas Game and Fish Commission was given full and complete authority to promulgate rules and regulations necessary for the conservation and preservation of all wildlife, including regulations setting penalties for violations. It has been held that this amendment is complete within itself and that legislative acts are superseded by exercise of the authority granted the Commission under the provisions of the amendment. *State ex rel. Wright* v. *Casey*, 225 Ark. 149, 279 S.W.2d 819 (1955).

■ Pursuant to this authority, the Commission promulgated Regulation 18.02, which provides that it is unlawful to hunt or kill any wildlife at night with or without the use of a light. Possible penalties for its violation include a fine of from $250.00 to $1000.00, a jail sentence of up to one year, suspension of hunting privileges of up to two years, and confiscation of all equipment used in the violations. Under the provisions of Amendment 35, these regulations have the effect of law, and courts judicially know and apply such rules and regulations promulgated by administrative agencies pursuant to law. *See Johnson* v. *State*, 6 Ark. App. 78, 638 S.W.2d 686 (1986).

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.