The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, Ar 72403-0097
Dear Representative Hogue:
This is in response to your request for an opinion regarding Amendment 35 to the Arkansas Constitution, which established the Arkansas Game and Fish Commission ("Commission") and set out criteria for its management and direction. You have asked, specifically, whether General Revenue funds may be allocated to the Game Protection Fund for appropriation.
Although there appears to be no case law directly on point, it is my opinion that if faced with the question, a court would in all likelihood conclude that this action is prohibited by Section 8 of Amendment 35 wherein it states in pertinent part:
 The fees, monies, or funds arising from all sources by the operation and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and sale of property used for said purposes shall be expended by the Commission for the control, management, restoration, conservation and regulation of the birds, fish and and wildlife resources of the State, including the purchases or other acquisitions of property for said purposes and for the administration of the laws pertaining thereto and for no other purposes. All monies shall be deposited in the Game Protection Fund with the State Treasurer and such monies as are necessary, including an emergency fund, shall be appropriated by the Legislature at each legislative session for the use of the Game and Fish Commission as hereto set forth. No monies other than those credited to the Game Protection Fund can be appropriated.
Please note that I have enclosed a copy of Attorney General Opinion Number 86-458, wherein it was concluded that ". . . the limitation against appropriations of monies other than those credited to the Game Protection Fund would prohibit use of general revenues for the support of the Game and Fish Commission." I agree that the language of Section 8, above, compels this result. It is also my opinion that this conclusion precludes the indirect appropriation of funds through an allocation of general revenues to the Game Protection Fund for subsequent appropriation. Such an allocation would not, in my opinion, avoid Section 8's prohibition against the appropriation of funds "other than those credited to the Game Protection Fund."
This provision is a clear limitation on the General Assembly's appropriation power. A reading of Section 8 as a whole compels the conclusion that the phrase "[n]o monies other than thosecredited to the Game Protection Fund" has reference to the "fees, monies, or funds arising from all sources by theoperation and transaction of the [Arkansas State Game and FishCommission] and from the application and administration of thelaws and regulations pertaining to birds, game, fish and wildliferesources of the State and the sale of property used for saidpurposes. . . ." (Emphasis added.) These monies "shall be deposited in the Game Protection Fund," to be appropriated by the Legislature. The concluding phrase, "[n]o monies other than those credited to the Game Protection Fund", reasonably refers to the aforementioned monies which must be deposited in the fund. To conclude otherwise would, in my opinion, ignore the plain language of Section 8.
The Game Protection Fund is currently composed of revenues arising from the operation and transaction of the Commission and from the application and administration of wildlife laws and regulations. See A.C.A. § 19-6-420 (Supp. 1989). This is in accordance with Amendment 35. The Arkansas Supreme Court has indicated that these sources of funds are the intended means by which the wildlife resources of the state will be controlled, managed, restored, conserved, and regulated. The court in State,ex. rel. Wright v. Casey, 225 Ark. 149, 279 S.W.2d 819 (1955), in upholding the Commission's power to levy a license fee on all hound dogs, stated:
 Obviously the people by enacting this amendment intended that the Commission should have sufficient and ample funds with which to function in preserving and propagating wildlife in the manner provided therein. As pointed out above, it was the purpose of those who wrote this amendment to cover the whole subject relating to the wildlife conservation and to provide or leave to the Game and Fish Commission methods of reaching those ends.
225 Ark. at 152.
While other special revenue sources may lawfully be devised in connection with the Commission's operations and the application and administration of the wildlife resources laws, it is my opinion that general revenues of the state are not encompassed within the type of funds to be deposited in and credited to the Game Protection Fund under Amendment 35.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb