The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 If a person is charged and found guilty in municipal court of transporting a shotgun in the back seat of a car, neither encased nor in a rack, and the person appeals to the circuit court, can the circuit court convict or affirm a conviction for violation of a Game and Fish regulation or must the decision of the circuit court be based on the determination of whether the defendant has violated some statutory law?
Your request makes reference to Regulation 18-04 (the "Regulation") of the Arkansas State Game and Fish Commission (the "Commission"). The Regulation provides:
 HUNTING FROM ROAD PROHIBITED. It shall be unlawful to hunt from, or shoot across any city, county, state, or federally maintained road or the right-of-way thereof. It shall also be unlawful to hunt from or shoot across the main west levee of the Mississippi River from the Louisiana-Arkansas State Line to the intersection of State Highway 11 north of Grady, Lincoln County, Arkansas. NOTE: It shall be prima facie evidence during modern gun and muzzleloading deer season that a person is hunting if the person is in possession of a loaded firearm on any city, county, state, or federally maintained road or the right-of-way thereof in an area in which wild game is likely to be present. Firearms being carried in a motor vehicle or conveyance must be unloaded and enclosed in a case or placed in a gun rack (unloaded) while on any city, county, state or federally maintained road or the right-of-way thereof in an area in which wild game is likely to be present. It shall also be unlawful to hunt within 50 yards from the center of any city, county, state, or federally maintained road during any modern gun season.
EXCEPTIONS:
 (1) Handguns carried in a motor vehicle for purpose other than hunting.
 (2) Persons engaged in a lawful action to protect their livestock or property.
(3) Law enforcement officials in respect to the official job duties.
PENALTY: $100.00 TO $1,000.00.
Commission Regulation 18-04 [emphasis supplied].
The Circuit Court of Garland County recently entered an order declaring invalid, on several constitutional grounds, the portion of the Regulation emphasized above (i.e., the third and fourth sentences of the Regulation, exclusive of its title). See Murders et al. v. Arkansas Gameand Fish Comm'n, No. CIV 95-518 (Garland County Cir. Dec. 8, 1995) (order granting declaratory judgment). The time during which the Commission may file a notice of appeal has not yet passed, see Ark. Rules of App. Proc. Rule 4(a), and the litigation therefore may not be finally concluded. It is this office's longstanding policy not to issue opinions with respect to matters that are the subject of pending litigation, and I must therefore decline to issue an opinion having specific application to the Regulation.
I can, however, issue an opinion on the general question of whether a person may be criminally convicted of the violation solely of a Commission regulation that sets forth a penalty for its violation. In my opinion, a valid regulation of the Commission defining a criminal violation and fixing a penalty generally would constitute an adequate, independent basis of criminal liability. In other words, it is my opinion that a person may be convicted; his conviction, if appealed, may be finally affirmed; and he may be punished, all solely with reference to the Commission regulation at issue, and not to any enactment of the General Assembly.
The power of the Commission to make criminal law is conferred by our constitution:
 The Commission shall have the exclusive power and authority to issue licenses and permits, to regulate bag limits and the manner of taking game and fish and furbearing animals, and shall have the authority to divide the State into zones, and regulate seasons and manner of taking game, and fish and furbearing animals therein, and fix penalties for violations.
Ark. Const. amend. 35, § 8 (emphasis added).
The argument that violation of a Commission regulation defining a criminal act and setting a penalty for violation thereof is not a crime was rejected in State ex rel. Wright v. Casey, 225 Ark. 149, 279 S.W.2d 819
(1955). State v. Bickerstaff, 320 Ark. 641, ___ S.W.2d ___ (1995), in which no such argument was raised, is representative of cases prosecuted solely under Commission regulations. See also Fowler v. State,283 Ark. 325, 676 S.W.2d 725 (1984), and Dennis v. State,26 Ark. App. 294 (both discussing the Commission's authority to make criminal law and affirming convictions based solely upon violations of Commission regulations).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh