Brian K. CROW *v.* STATE of Arkansas

CA CR 96-558                                     938 S.W.2d 874

Court of Appeals of Arkansas
Division II
Opinion delivered February 26, 1997

*Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Brian K. Crow was convicted in municipal court on a charge of night hunting. In addition to a fine and costs, the municipal court ordered his pickup truck and shotgun forfeited to the State of Arkansas, to be disposed of in accordance with the law. He appealed the conviction to circuit court, where a jury found him guilty. He was sentenced to one year in jail with execution of sentence suspended subject to certain conditions. Just as had been done in municipal court, the circuit judge ordered Mr. Crow's pickup truck and shotgun forfeited following the entry of the verdict and judgment. On appeal, Mr. Crow contends that the circuit court was without jurisdiction to hear his case. His argument is that the municipal court lacked jurisdiction to order a forfeiture and that on appeal the circuit court acquired only such jurisdiction as the municipal court had. We disagree and affirm.

Night hunting and forfeiture of equipment used therein are addressed by the Arkansas Game and Fish Commission Code. Regulation 18.02 provides in part:

It shall be unlawful to hunt or kill any wildlife at night with or without the use of a light of any type.

. . . .

PENALTY: $500.00 TO $1,000.00

In addition, a jail sentence of up to one year and/or suspension of hunting and fishing privileges may be imposed in accordance with Code 11.05, Revocation of Privileges. Equipment used in such violations (including but not limited to killing devices and lights) may be confiscated by the court, forfeited to the State, and disposed of according to law.

Confiscation and seizure of equipment for night hunting and other violations are addressed by Game and Fish Regulation 01.00-D. It states that any equipment, including but not limited to guns, boats, lights, motors, or vehicles used in willful and deliberate violation of 18.02 may be seized and disposed of according to Commission policy. Furthermore, upon conviction of the defendant, the court having jurisdiction may order title to the equipment forfeited to the Commission with its disposal to be determined by the court for the benefit of the Commission. *See* Arkansas Game and Fish Regulation 01.00-D.

█ Although appellant argues that the circuit court acquired on appeal only such jurisdiction as the municipal court had, he does not question the circuit court's general residual jurisdiction to order a forfeiture in an original proceeding in that court. Arkansas Code Annotated section 16-96-507 (1987) specifies that a case appealed to circuit court shall be tried anew as if no judgment had been rendered. If any defect occurred in the present case at the municipal court level, it was remedied by the *de novo* trial in circuit court. *See Bussey v. State*, 315 Ark. 292, 867 S.W.2d 433 (1993); *Griffin v. State*, 297 Ark. 208, 760 S.W.2d 852 (1988); *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988). In the present case, the circuit court had jurisdiction to order forfeiture of the truck and shotgun in the *de novo* trial.

█ Because the *de novo* trial cured any defect at the municipal court level, we need not decide whether the municipal court lacked jurisdiction to order a forfeiture. We note, however, that appellant was not without a remedy to challenge the inherent

power of a municipal court over a forfeiture proceeding. An accused who wishes to prevent a municipal court from exercising jurisdiction over a given matter should seek a writ of prohibition in circuit court. *See State v. Webb*, 323 Ark. 80, 913 S.W.2d 259 (1996); *Griffin v. State*, 297 Ark. 208, 760 S.W.2d 852 (1988).

■ Appellant also contends that the trial court erred in not proceeding with forfeiture as an *in rem* civil action independent of any criminal charges. We do not agree. In *Dennis v. State*, 26 Ark. App. 294, 764 S.W.2d 466 (1989), appellants convicted of the offense of night hunting were sentenced to fifteen days in the county jail, fined $1000, had their hunting privileges suspended for two years, and had a rifle and spotlight confiscated. The *Dennis* appellants argued that the court, in fixing their punishment, clearly exceeded the statutory range of Ark. Code Ann. § 15-43-240 (1987) (since repealed), which limited the penalty for a person convicted of night hunting to a fine of between $10 and $200. We addressed that argument as follows:

> [W]e point out that § 15-43-240 was enacted before Amendment 35 to the Arkansas Constitution was adopted in 1945. Under the provisions of that amendment, the Arkansas Game and Fish Commission was given full and complete authority to promulgate rules and regulations necessary for the conservation and preservation of all wildlife, including regulations setting penalties for violations. . . .
>
> Pursuant to this authority, the Commission promulgated Regulation 18.02, which provides that it is unlawful to hunt or kill any wildlife at night with or without the use of a light. Possible penalties for its violation include a fine of from $250.00 to $1000.00, a jail sentence of up to one year, suspension of hunting privileges of up to two years, and confiscation of all equipment used in the violations. Under the provisions of Amendment 35, these regulations have the effect of law, and courts judicially know and apply such rules and regulations promulgated by administrative agencies pursuant to law. *See Johnson v. State*, 6 Ark. App. 78, 638 S.W.2d 686 (1986).

*Dennis v. State*, 26 Ark. App. at 298.

■ Here, the circuit court committed no error in confiscating and forfeiting to the State the pickup truck and shotgun of

appellant as a part of his sentence for night hunting pursuant to the regulations of the Arkansas Game and Fish Commission.

Affirmed.

COOPER and MEADS, JJ., agree.