The Honorable Charles R. Fuqua State Representative 3907 Lankford Street Springdale, AR 72762-6552
Dear Representative Fuqua:
This is in response to your request for an opinion, made during your term of office, on the following question:
 Does the Arkansas Game and Fish Commission have legal authority to issue a citation summoning an individual to a court of law for a violation of a rule or regulation promulgated by the Arkansas Game and Fish Commission when the alleged violation of the Arkansas Game and Fish Commission rule or regulation is not a violation of any Arkansas state law?
It is clear, in my opinion, that Arkansas Game and Fish Commission ("Commission") rules and regulations have the effect of law. Dennis v.State, 26 Ark. App. 294, 764 S.W.2d 466 (1989). Thus, with regard to your specific question, a violation of a Commission rule or regulation is a violation of state law. Assuming, therefore, that the rule or regulation was properly promulgated, it is my opinion that the answer to your question is, generally, "yes."
As recognized by the Arkansas Supreme Court (see Dennis, supra), the Commission was given "full and complete authority" under Amendment 35 to the Arkansas Constitution to "promulgate rules and regulations necessary for the conservation and preservation of all wildlife, including regulations setting penalties for violations." 26 Ark. App. at 298; Ark. Const. amend. 35, § 8. The court in Dennis thus rejected the contention that a circuit court conviction and sentence under a Commission regulation prohibiting night hunting exceeded the range of punishment provided by law. A comparable state statute (A.C.A. § 15-43-240, since repealed) limited the penalty for a person convicted of hunting at night to a fine of between $10.00 and $200.00. In upholding the court sentence under the regulation (which authorized a fine of between $250.00 and $1,000.00), the court stated:
 [W]e point out that § 15-43-240 was enacted before Amendment 35 to the Arkansas Constitution was adopted in 1945. Under the provisions of that amendment, the Arkansas Game and Fish Commission was given full and complete authority to promulgate rules and regulations necessary for the conservation and preservation of all wildlife, including regulations setting penalties for violations. It has been held that this amendment is complete within itself and that legislative acts are superseded by exercise of the authority granted the Commission under the provisions of the amendment. [Citation omitted.]
 Pursuant to this authority, the Commission promulgated Regulation 18.02, which provides that it is unlawful to hunt or kill any wildlife at night with or without the use of a light. Possible penalties for its violation include a fine of from $250.00 to $1000.00, a jail sentence of up to one year, suspension of hunting privileges of up to two years, and confiscation of all equipment used in the violations. Under the provisions of Amendment 35, these regulations have the effect of law, and courts judicially know and apply such rules and regulations promulgated by administrative agencies pursuant to law. [Citation omitted.]
Id. (Emphasis added.)
This case was subsequently followed in Crow v. State, 56 Ark. App. 100,938 S.W.2d 874 (1997).
It is thus clear in my opinion that an individual may be summoned to court for violation of a Commission rule or regulation, notwithstanding the absence of a statutory violation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh