The Honorable Boyd Hickinbotham The Honorable Paul Weaver State Representatives P.O. Box 326 Salem, AR 72576-0326
Dear Representatives Hickinbotham and Weaver:
This is in response to your request for an opinion on the following questions:
 1. Are public documents at the Arkansas Game Fish Commission (e.g. budget, minutes of commission meetings, commission administrative rules and procedures, statistical surveys, wildlife biology studies, etc.) subject to the Arkansas Freedom of Information Act?
 2. Are the rules and regulations promulgated by the Arkansas Game 
Fish Commission subject to the Arkansas Administrative Procedures Act?
 3. If the answer to either of the above questions is no, can that be changed by simple legislation or will constitutional revision be required?
RESPONSE
Documents maintained by the Game Fish Commission ("Commission") which reflect official functions are, as a general matter, presumed to be public records under the Arkansas Freedom of Information Act ("FOIA"). As regards rules and regulations promulgated by the Commission, it is my opinion that the Administrative Procedure Act ("APA") would be constitutionally suspect if applied in those areas of regulatory authority vested exclusively in the Commission pursuant to Amendment 35
to the Arkansas Constitution. Application of the APA in this respect would likely require constitutional revision.
Question 1 — Are public documents at the Arkansas Game Fish Commission(e.g. budget, minutes of commission meetings, commission administrativerules and procedures, statistical surveys, wildlife biology studies,etc.) subject to the Arkansas Freedom of Information Act?
The FOIA contains no specific exemption with respect to documents maintained by the Commission, nor is there any separate statutory exemption in this regard. Thus, as a general matter, the definition of "public records" under the FOIA (see A.C.A. § 25-19-103 (1) (Repl. 1996)) would include documents such as those listed in your question "which constitute a record of the performance or lack of performance of official functions which are or should be carried out by" the Commission. Id. The applicability of a specific exemption from public disclosure must of course be considered. See generally A.C.A. § 25-19-105 (Supp. 1999); cf.
Op. Att'y Gen. 98-210 (concerning the release of certain records in the personnel file of a wildlife enforcement officer). This, however, requires a determination based upon the particular document(s) at issue in each instance.[1]
Question 2 — Are the rules and regulations promulgated by the ArkansasGame Fish Commission subject to the Arkansas Administrative ProceduresAct?
I assume that this question relates to the procedures under the APA for adoption of agency rules and regulations. See A.C.A. § 25-15-204 (Supp. 1999). I have enclosed a copy of the most recent version of § 25-15-204. As you can see, after the required notice is provided regarding the proposed rule or amendment, this Code section requires, among other things, that the agency "[a]fford all interested persons reasonable opportunity to submit written data, views, or arguments. . . ." Id. at subsection (a)(2)(A). An "[o]pportunity for oral hearing" is then provided. Id. at subparagraph (B). The agency is further required to "fully consider all written and oral submissions respecting the proposed rule" before finalizing the rule. Id. at subparagraph (C). And in accordance with subsection (A)(2)(D):
 Upon adoption of a rule, the agency, if requested to do so by an interested person either prior to adoption or within thirty (30) days thereafter, shall issue a concise statement of the principal reasons for and against its adoption, incorporating therein its reasons for overruling the considerations urged against its adoption.
No rule adopted after June 30, 1967, (the effective date of the APA), is valid unless "adopted and filed in substantial compliance with [§25-15-204]." A.C.A. § 25-15-204 (f).
The question thus arises whether these requirements apply to the Commission when it exercises its rulemaking authority under Amendment 35
to the Arkansas Constitution.[2] It appears that the APA's definition of the term "agency" would include the Commission. See A.C.A. § 25-15-202
(1) (Supp. 1999) (defining "agency" to mean "each board, commission, department, officer, or other authority of the government of the State of Arkansas, whether or not within, or subject to review by, another agency, except the General Assembly, the courts, and the Governor[.]") The issue, I believe, is whether inclusion of the Commission withstands constitutional scrutiny.
The Commission is, we know, an independent constitutional agency with its specific duties and powers enumerated in that document. See Chaffin v.Ark. Game Fish Comm'n, 296 Ark. 431, 757 S.W.2d 950 (1988). See alsoArk. Game Fish Comm'n v. Stanley, 260 Ark. 176, 180, 538 S.W.2d 533
(1976) (stating that "[i]n considering the question of the powers of the Commission, we must first view Constitutional Amendment 35, which, of course, is an act of the ultimate sovereign, the people of Arkansas, and is subject only to constitutional, not legislative or judicial, limitations.") The Commission's regulatory authority is established in the following provisions of Amendment 35:
 The control, management, restoration, conservation and regulation of birds, fish, game and wildlife resources of the State, including hatcheries, sanctuaries, refuges, reservations and all property now owned, or used for said purposes and the acquisition and establishment of same, the administration of the laws now and/or hereafter pertaining thereto, shall be vested in a Commission to be known as the Arkansas Game and Fish Commission, to consist of eight members.
Ark. Const. amend. 35, § 1.
 The Commission shall have the exclusive power and authority to issue licenses and permits, to regulate bag limits and the manner of taking game and fish and furbearing animals, and shall have the authority to divide the State into zones, and regulate seasons and the manner of taking game, and fish and forbearing animals therein, and fix penalties for violations.
Id. at § 8.
Amendment 35 thus grants broad powers to the Commission to control, regulate, and manage the wildlife resources of the State. This is confirmed in a line of judicial decisions spanning more than fifty years. Four years after Amendment 35 was adopted, the Arkansas Supreme Court held that, except for those powers specifically reserved for the Legislature by Amendment 35, all powers to adopt and administer the laws pertaining to the wildlife resources of the State were vested exclusively in the Game and Fish Commission. The Court in W.R. Wrape Stave Co. v.Arkansas State Game Fish Commission, 215 Ark. 229, 219 S.W.2d 948
(1949) stated:
 . . . Amendment 35 is complete within itself. . . . It seems to have been the purpose of those who wrote the Amendment to cover the whole subject, and to either provide, or leave to the Commission, methods for reaching these ends. (Citation omitted).
215 Ark. at 235 (emphasis added).
With regard, specifically, to the Commission's regulatory powers, the Court in State ex rel. Wright v. Casey, 225 Ark. 149, 279 S.W.2d 819
(1955), upheld a Commission rule levying a license fee on hunting dogs after citing Sections 1 and 8 of Amendment 35 and noting that:
 [u]nder these provisions of this amendment we hold that the Commission has been given full and complete administrative power and authority to promulgate rules and regulations necessary for the conservation and preservation of all wildlife. . . .
225 Ark. at 152 (emphasis added). See also Dennis v. State,26 Ark. App. 294, 764 S.W.2d 466 (1989) (citing Casey, supra, and noting "that [Amendment 35] is complete within itself and that legislative acts are superseded by exercise of the authority granted the Commission under the provisions of the amendment.")
The Court again reviewed the Commissions regulatory powers in Farris v.Arkansas State Game and Fish Commission, 228 Ark. 776, 310 S.W.2d 231
(1958), wherein it observed the following with regard to the Legislature's attempt to regulate the conservation of game fish:
 A majority of this court has determined that the Game and Fish Commission as opposed to the Legislature, is vested with the power to make such rules and regulations as is deemed necessary to protect and conserve the wild life resources of the state. . . . The Commission has a wide discretion within which it may determine what the public interest demands, and what measures are necessary to secure and promote such requirements. The only limitation upon this power to formulate these rules and regulations, which tend to promote the health, peace, morals, education, good order and welfare of the public is that the rules and regulations must reasonably tend to correct some evil, and promote some interest of the commonwealth, not violative of any direct or positive mandate of the constitution. . . . The commission, as trustee for the people of this state, has the responsibility and is charged with the duty to take whatever steps it deems necessary to promote the interest of the Game and Fish Conservation Program of the state; subject only to constitutional provisions against discrimination, and to any valid exercise of authority under the provisions of the Federal Constitution.
228 Ark. at 784 (emphasis added).
According to my research, the Arkansas Supreme Court has not addressed the precise issue of the APA's applicability to the Commission. Predicting the Court's resolution of the matter is thus an uncertain business at best. It is my opinion, however, based upon the language of Amendment 35 and the existing cases interpreting it, that if faced with the question the Court would likely conclude that the rulemaking requirements in A.C.A. § 25-15-204 cannot be constitutionally applied to the Commission. This conclusion would likely be premised upon a finding that the procedures in the APA (see above) necessarily limit an agency's discretion to develop rules under whatever procedures it deems appropriate, and that the Commission cannot constitutionally be so limited in the exercise of its power to formulate rules and regulations pursuant to Amendment 35.[3]
Because Amendment 35 is not subject to legislative limitations, constitutional revision would be required in order to remove any question concerning the application of the APA to the Commission.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The constitutional "separation of powers" doctrine should perhaps also be noted in considering the FOIA's applicability to the Commission.See Ark. Const. art. 4, §§ 1 and 2. The possibility of a separation of powers problem in the context of the judicial and executive branches of government is discussed by the noted commentator Professor John J. Watkins in his book, The Arkansas Freedom of Information Act (3rd ed. 1998). Professor Watkins states that "[a] legislatively imposed disclosure requirement violates the separation of powers doctrine if release of the information would unduly interfere with the ability of the Governor or the Justices of the Supreme Court to perform their duties."Id. at 210, n. 190 (citations omitted). I believe this observation may also apply with respect to the Game Fish Commission, an independent, constitutionally created body vested with certain exclusive powers and duties. See Ark. Const. amend. 35. While application of FOIA's open records requirement to the Commission could thus conceivably give rise to a separation of powers problem, it is my opinion that the resolution of any issue in this regard will depend upon the FOIA's application under the particular circumstances of the case, when genuinely adversary arguments can be considered against a background of actual facts. I cannot conclude that the open records requirement generally interferes with the Commission's ability to perform its duties such that it is facially unconstitutional in its application to the Commission. Rather, in my view, this will require a factual determination.
[2] The Commission derives its authority to adopt regulations affecting the birds, fish, game, and wildlife resources of the State directly from Amendment 35. See Ark. Const. amend. 35, §§ 1 and 8.
[3] This, in my opinion, distinguishes the APA from the FOIA in its application to the Commission. See discussion of FOIA, supra at n. 1. I do not perceive the FOIA's disclosure requirements as generally limiting or unduly interfering the Commission's powers and duties.