The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District 368 East Main Street, Suite 300 Post Office Box 2051 Batesville, AR 72503
Dear Mr. McSpadden:
I am writing in response to your request for my opinion on the following matter:
 Ark. Code Annotated § 15-41-113 entitled "Prohibition on enforcement of regulation against dogs running at large" provides that any employee of the Game and Fish Commission who enforces or attempts to enforce regulations relating to the prohibition of allowing dogs to run at large, upon conviction, are to be discharged and face possible fines and jail sentences.
 Since the adoption of Amendment 35 to the Constitution of Arkansas, the Arkansas Supreme Court has on several occasions ruled, in effect, that the legislature has no business enacting legislation concerning control, management, restriction, conservation and regulation of wildlife in the state.
 Assuming that the Commission has the authority to regulate the manner of hunting deer and other wildlife, and establish a regulation that one cannot use the assistance of dogs in hunting deer, is the above cited statute constitutional and enforceable?
RESPONSE
In my opinion, A.C.A. § 15-41-113 (Repl. 1994) is not constitutional and not enforceable.
My predecessor opined that the Arkansas Game and Fish Commission has plenary power over the control, management, restriction, conservation, and regulation of wildlife in the state. See Op. Att'y Gen. 2002-184. I concur with his assessment. Briefly, Amendment 35 to the Arkansas Constitution vested power over such matters in the Game and Fish Commission while simultaneously divesting the legislature of authority over such matters. See, e.g. Fowler v. State, 283 Ark. 325, 326,676 S.W.2d 725 (1984); and Farris v. Arkansas State Game Fish Comm'n,228 Ark. 776, 780, 310 S.W.2d 234 (1958). The rules and regulations properly promulgated by the Game and Fish Commission have the force of law. Dennisv. State, 26 Ark. App. 294, 764 S.W.2d 466 (1989). The legislature has no authority to interfere with the operation of the constitutionally mandated duties of the Game and Fish Commission. Chaffin v. Arkansas Game Fish Comm'n, 296 Ark. 431, 437-38, 757 S.W.2d 950 (1988); and Farris,228 Ark. at 780.
My predecessor squarely addressed this issue in Op. Att'y Gen. 2002-184. In this opinion, he stated that he believed A.C.A. § 15-41-113 would be found to be an unconstitutional attempt to restrict the Game and Fish Commission's constitutional powers. He stated: "Given that the Arkansas Constitution affords the Game and Fish Commission exclusive authority to regulate hunting, Ark. Const. amend. 35, I believe any legislative effort to restrict this authority is constitutionally impermissible." Id. at 1. I concur with this opinion. I have enclosed a copy of Op. Att'y Gen.2002-184 for your convenience.
In closing, I concur with my predecessor's opinion that A.C.A. §15-41-113 prohibiting Game and Fish Commission employees form enforcing the Game and Fish Commission regulations prohibiting free running dogs during deer season to be an unconstitutional attempt to restrict the constitutionally mandated powers of the Game and Fish Commission.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB:JMD/cyh
Enclosure